[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12017

_____

D.C. Docket No. 06-00034-CV-CDL-1

MATTIE GODDARD,

Plaintiff–Appellant,

versus

THE CITY OF ALBANY, GEORGIA,
ALFRED D. LOTT, Individually
and in his Official Capacity
as City Manager for the City
of Albany, Georgia,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 12, 2009)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

PER CURIAM:

Mattie Goddard appeals the district court's entry of summary judgment in favor of the City of Albany, Georgia ("the City"), and Alfred Lott, the City Manager, in his individual capacity, on her race, gender, and age discrimination claims, brought under Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Goddard also appeals the district court's entry of summary judgment on her retaliation claims, brought under Title VII, the ADEA, and § 1981.

On appeal, in addition to arguing that summary judgment should not have been granted, Goddard argues that: (1) the district court erred in failing to give her an opportunity to amend her complaint to add a claim that she was terminated for exercising her First Amendment free speech rights; and (2) the district court erred in granting Defendants' second motion to compel discovery, because the motion was filed after the end of the originally agreed upon discovery end date. We find

---

[*]Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] 42 U.S.C. § 2000e et seq.

[2] 29 U.S.C. § 621 et seq.

no merit in these claims.

Our review of the record reveals that in this case, Goddard never filed a motion to amend her complaint. Goddard suggests that the district court had an obligation to instruct her to amend her complaint, and now argues that if given the opportunity to amend she would have brought a number of supplemental claims. However, it is not the obligation of the Court to engage in counterfactual speculation. Goddard had ample opportunity to request the right to amend her complaint, and failed to do so.

With reference to the discovery matters, which are committed to the sound discretion of the district court, we also find no error. Defendants filed their motion to compel better answers in response to Goddard's interrogatory answers which were filed only four days before the expiration of the original discovery period. The relevant information needed to file their motion was unavailable to Defendants before that time. In this circumstance we do not find that the district court abused its discretion in granting Defendants' motion.

Finally, we find no error in the grant of summary judgment. Defendants articulated five reasons for terminating Goddard: (1) Lott's determination that Goddard was noncompliant with his performance counseling letter; (2) Goddard's knowing presentation of a flawed summary of income and expenses to the Mayor

3

and Board of City Commissioners, and subsequent claim that she was "not 100 percent involved in the writing of the arena football contract" despite her direct involvement in every step of the contract development process; (3) Goddard's delivery to Lott of an incomplete, inadequate business plan for the 2006 arena football season; (4) Goddard's admission to Lott at a November 29, 2005 progress review meeting concerning Civic Center projects, that she had "made no effort to update the Civic Center projects . . . [and] could not provide the status of any Civic Center Strategic Plan projects." ; and (5) Goddard's lack of preparation for the January 3, 2006 progress review meeting concerning Civic Center projects, so that again Goddard "could not provide the status of any Civic Center projects."

These nondiscriminatory reasons for Goddard's termination rebut the presumption of discrimination established by the prima facie case. See Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981). Goddard, however, can still defeat summary judgment by presenting evidence sufficient to create a jury question as to whether the proffered legitimate, nondiscriminatory reasons were merely pretext for a discriminatory decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). In so doing, Goddard bears the burden of rebutting each of Defendant's proffered justifications. See Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007) ("If the employer proffers more than one legitimate,

nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment."). Goddard has not met her burden in this regard. We find no evidence of pretext here.

AFFIRMED.